■ AIU INSURANCE COMPANY, Respondent, v VALLEY FORGE INSURANCE COMPANY, Appellant and Third-Party Plaintiff-Appellant. GRANITE STATE INSURANCE COMPANY et al., Third-Party Defendants-Respondents. [758 NYS2d 16] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered November 4, 2002, inter alia, granting plaintiff excess insurer judgment in the principal amount of $1 million against defendant Valley Forge Insurance Company, and severing and dismissing defendant's counterclaims and the third-party action alleging bad faith settlement of the underlying personal injury action, and bringing up for review an order, same court and Justice, entered February 7, 2002, which, inter alia, granted plaintiff's motion for summary judgment to the extent of declaring that defendant is obligated to reimburse plaintiff in the principal amount of $1 million, unanimously modified, on the law, to grant summary judgment in favor of defendant Valley Forge, and to declare that Valley Forge is not required to contribute to the settlement of the underlying personal injury action, and that the $3 million settlement is payable from the two primary AIG $1 million policies and the remaining $1 million is to be paid by AIU, the excess carrier, and otherwise affirmed, with costs in favor of defendant-appellant Valley Forge payable by plaintiff-respondent AIU. Appeal from the order entered February 7, 2002 unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Inasmuch as Valley Forge Insurance Company, the insurer of Kroemer Avenue Associates (Kroemer), did not take part in the settlement negotiations or agree to the $3 million settlement of the underlying personal injury action, Valley Forge is not required to contribute to that settlement. The individual who arranged for the recitation in the release attributing payment of $1 million to Kroemer did not have the authority to bind Kroemer's primary carrier. The record before us supports Valley Forge's position that Kroemer was entitled to full indemnification and a complete pass-through of liability, in the absence of any showing of any direct negligence on Kroemer's

part, since Kroemer was an additional named insured on the primary and excess policies maintained by the actively negligent party, Nicolia Associates, and Kroemer's liability was purely statutory.

However, we affirm the Supreme Court's dismissal of Valley Forge's third-party action, and agree that the actions of third-party defendants did not constitute bad faith. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.