Arch Ins. Co. v Nationwide Prop. & Cas. Ins. Co. (2019 NY Slip Op 06373)





Arch Ins. Co. v Nationwide Prop. & Cas. Ins. Co.


2019 NY Slip Op 06373


Decided on August 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 27, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9445A 652835/14 9445

[*1] Arch Insurance Company for itself and as subrogee of Criterion Development Group, LLC, et al., Plaintiffs-Respondents,
v
Nationwide Property & Casualty Insurance Company, et al., Defendant-Appellant, S & J Industrial Co., et al., Defendants.


Kennedys CMK, New York (Ann Odelson of counsel), for appellant.
Connell Foley LLP, New York (William D. Deveau of counsel), for respondent.



Judgment and supplemental judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 12, 2017, after a nonjury trial, in favor of plaintiff and against defendant Nationwide Property and Casualty Insurance Company, unanimously affirmed, without costs.
In this insurance coverage dispute, plaintiff Arch Insurance Company seeks to recover sums it incurred in settling a personal injury action against its insureds, One Astoria Square, LLC and Criterion Development Group, LLC, the owner and contractor of a development in Astoria (collectively, Owners).
S & J Industrial Co. (S & J) was the plumbing, sprinkler, and HVAC subcontractor on the project. Pursuant to its subcontract, S & J was required to clean up rubbish and waste caused by its operations and deposit it in designated locations or containers from which Criterion would remove it. S & J's subcontract also required it to indemnify Owners "[t]o the fullest extent permitted by law" against claims, damages, etc. for personal injury or property damage "caused in whole or in part by [S & J's] negligent acts or omissions." Additionally, S & J was required to procure insurance naming Owners as additional insureds.
Defendant Nationwide Property & Casualty Insurance Company had issued to S & J a primary commercial general liability insurance policy with a $1 million per occurrence limit. The Nationwide primary policy provided additional insured coverage to any organization that S & J agreed to add as an additional insured but only for liability "caused, in whole or in part," by S & J's acts or omissions in the performance of such work. In addition, Nationwide issued to S & J an umbrella policy with an additional $5 million limit in excess of the underlying CGL policy limits and "any other collectible insurance."
In 2009, an S & J employee, Jan Tolpa, commenced an action (Tolpa action) in Supreme Court, Kings County, against Owners alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241(6) after he was allegedly injured on the job. Arch assigned counsel to represent Owners in the Tolpa action.
Arch tendered the defense and indemnification of Owners to S & J under both the primary and umbrella policies. On August 3, 2010, Nationwide accepted tender by letter, without a reservation of rights. After the Tolpa action settled, with Nationwide contributing the $1 million limits of its primary policy and Arch contributing $950,000, Arch commenced this action seeking [*2]to recover from Nationwide the amounts Arch had contributed.
After trial, Supreme Court properly found that the additional insured coverage available to Owners included both the $1 million primary policy "and the $5 million excess limits with respect to contractual liability which S & J had pursuant to" S & J's contractual obligation to indemnify Owners.
We find that the record establishes that the Owners were not negligent and were only vicariously liable. With regard to S & J's negligence, testimony at trial showed that the nonparty masonry subcontractor, FASA, had not been working in the basement for months prior to the accident and that S & J broke through the masonry to perform its work. Therefore, the only party that was negligent was S & J. Accordingly, we decline to disturb Supreme Court's factual finding that "the only party who likely would have created debris that included broken cinderblocks [sic] in the basement was S & J."
Since Owners were entitled to contractual indemnification from S & J and a complete pass through of liability, the Nationwide umbrella policy issued to S & J must respond before the Arch primary policy issued to Owners (see Indemnity Ins. Co. of N. Am. v St. Paul Mercury Ins. Co., 74 AD3d 21, 26 [1st Dept 2010]; AIU Ins. Co. v Valley Forge Ins. Co., 303 AD2d 325 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 27, 2019
DEPUTY CLERK